FILED _____ LODGED
_____ RECEIVED _____ COPY

JUN 2 1 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

1  Leslie Howard

2  7707 W McDowell Rd, #162

3  Phoenix, AZ 85035

4  623-252-3215 IN THE UNITED STATES DISTRICT COURT

5  **FOR DISTRICT OF ARIZONA**

| | |
|---|---|
| 6  LESLIE R. HOWARD | ) Case No.:   **CIV '11 12 1 3 PHX**   **DKD** |
| 7           Plaintiff, | ) **Civil Rights Violation Complaint** |
| 8  vs. | ) **Trial By Jury Demanded** ) **CIVIL RIGHTS VIOLATIONS** |
| 9  RJF FINANCIAL, LLC, | ) **TRIAL BY JURY DEMANDED** |
| 10           Defendant | ) |
| 11           DOES 1-10 | (Contract) |

12

13

14  **PRELIMINARY STATEMENT**

15  This is an action brought for damages against the Defendant in violation of Fair Debt

16  Collection Practices Act §807 15 USC §1692, *et seq.* and A.R.S. §12-543(2).

17  At all times hereinafter mentioned, The Plaintiff was and still is a resident of Maricopa

18  County, State of Arizona. From here on Leslie R Howard will be known as the Plaintiff.

19  Plaintiff respectfully submits Plaintiff's Statement of Claim and Statement upon Which

20  Relief Can Be Granted. DOES 1-10, Plaintiff reserves the right to amend his complaint as

21  additional Defendants and or further violations of law become evident.

22  **JURISDICTION**

23  Jurisdiction of this court arises pursuant to 15 USC §1692, *et seq.* , A.R.S. §12-543(2)

24  and 28 U.S.C. §1331 and which states that such actions may be brought and heard before

25  "any appropriate United States district court without regard to the amount in

controversy."

**"DEMAND FOR JURY TRIAL"**

Plaintiff's "DEMAND FOR JURY TRIAL".

REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES.

Plaintiff respectfully Demand that this Honorable Court instruct the jury, as the Trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Debt Collections Practices Act and/or other applicable states and federal laws.

**COMPLAINT**

1. On May 16, 2006 the Defendant, who is the attorney for the alleged real party in interest, attempted to collect a debt outside the statute of limitations. The Defendant alleged the Plaintiff defaulted on the payment of an alleged credit card account on August 19, 2001. Using the date the Defendant claims payment was defaulted (Aug of 2001) and the Defendant's claim date (May of 2006), the alleged debt was already time-barred by the 3 year statute of limitations for open accounts as articulated in A.R.S. §12-543(2). Furthermore the Defendant provided no documentation supporting any alleged agreement between the Plaintiff and the Defendant.

2. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here. However the fact as to how it was or was not verified, not limited to the misrepresentation and lack of relevant facts and wrongful actions of the Defendant violated the civil rights of the Plaintiff and the law as outlined in The Fair Debt Collection Practices Act §807 15 USC §1692, *et seq* and A.R.S. §12-543(2).

**Count I – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

3. Defendant violations of the Fair Debt Collection Practices Act 15 USC §1692 include:

    (a) Defendant violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

    (b) Defendant violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    (c) Defendant violated 15 U.S.C. §1692f(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or *permitted by law*.

## § 813. Civil liability 15 USC 1692i

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Plaintiff demands Judgment in the amount of $1,000.00.

Plaintiff restates and reiterates herein all previous paragraphs.

**Count II – VIOLATION OF ARIZONA REVISED STATUTE §12-543**

3. ARIZONA REVISED STATUTE §12-543(2) states:

"Upon stated or open accounts other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents, but no item of a stated or open account shall be barred so long as any item thereof has been incurred within three years immediately prior to the bringing of an action thereon."

4. Using ARIZONA REVISED STATUTE 6-601(9)'s states:

"'Consumer revolving loan' means an open end revolving loan that is established pursuant to an agreement with an agreed on credit limit that does not exceed ten thousand dollars, that the consumer may pay in full at any time but has the privilege of paying in installments and that contemplates or provides that advances may be obtained from time to time by the consumer, through checks, drafts, items, *credit access devices,* orders for the payment of money, evidences of debt or similar means, whether or not negotiable."

5. A credit card agreement is not a "signed, written contract".  Installment loans, car loans and mortgages are examples of "signed written contracts". An oral debt or an open account implies a contract, with certain terms or conditions, but are not considered "written contracts " by the Arizona State Legislature or the Legislature would not have differentiated between the two.

6. The Defendant's only supporting documentation was a "Cardholder Agreement" clearly indicating the alleged account is a credit card (i.e. a *credit access device*). Furthermore the "Cardholder Agreement" was barely legible and did not bear the name of the Plaintiff or any evidence of an alleged account or the allegations.

7. Even if the alleged debt were valid on August 19, 2001, the three year statute of limitations applies. (A.R.S. § 12-543). Therefore the Defendant's claim made on May 2006 is a deceptive and false representation on it's face.

8. This was a clear act of fraud brought upon the Plaintiff.  The Defendant who is an attorney clearly demonstrated a lack of respect for state and federal law regarding this matter.

9. The Plaintiff has suffered severe financial hardship, deprivation of lifestyle, social and professional embarrassment and limited health options.

10. May be it please the court to be informed the Plaintiff has made an attempt to settle this matter with the Defendant privately by notifying the Defendant with a Notice of Pending law suit with U.S.P.S. certified mail number 7010 3090 0001 7478 received by an agent of the Plaintiff with the last name of Henry on Jun 4th 2011.  The Defendant chose to ignore this law suit and decided to be tried by this honorable court and a jury.

### Demand for Judgment

The Defendant's fraudulent and false representation of the alleged claim and subsequent wrongful action, have caused severe emotional, psychological, financial hardship and social damage to the Plaintiff. The Plaintiff has dealt with the public and private humiliation of co-workers, family and friends as a result of the Defendant's unjust enrichment.

WHEREFORE, the Defendant has violated the Fair Debt Collection Practice Act and the and A.R.S. §12-543(2), Plaintiff demands Judgment in the amount of $18,000 in

actual damages, plus all costs of this action along with treble damages in the amount of $36,000 for the emotional, psychological, social damage and financial hardship, as well as the refusal to settle this matter honorably as an officer of the court.  As the court may allow along with Private Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107*, 113 *(3d Cir.* 1991), 15 *U.S.C. sec. 1692k(a)(3), (see Zagorski v. Midwest Billing Services, Inc., F.3d- (1997 WL 695401, 7th Cir.)* or 128 *F. 3d* 1164 *(7th Cir.,* 1997), and any other damages the court deems permissible, not to exceed 30 days from this date.

COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the united States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.

Dated this ~~16~~ 21st LRH day of June, 2011

Leslie R. Howard
Plaintiff, Pro Se
All rights reserved UCC 1-308