**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie R. Howard,            ) | No. CV-11-1213-PHX-GMS |
|            Plaintiff,            ) | |
|            ) | **ORDER** |
| vs.            ) | |
|            ) | |
| RJF Financial, LLC.,            ) | |
|            Defendant.            ) | |

Pending before the Court are Defendant RJF Financial, LLC's Motion to Dismiss (Doc. 6), Defendant's Motion for Summary Judgement (Doc. 27), Plaintiff Leslie Howard's Motion to Strike Affidavit of Jennifer Ache (Doc. 31) and Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 37). For the reasons discussed below, Plaintiff's Motion to Strike is denied and Defendant's Motion for Summary Judgment is granted. Defendant's Motion to Dismiss and Plaintiff's discovery motion are dismissed as moot.

## BACKGROUND

On October 12, 2006, a $12,487.98 judgment was entered against Leslie Howard in the Agua Fria Justice Court in Maricopa County, Arizona. (Doc. 27, Ex. 5, No. CC2006-069913). The case had been brought by RJF Financial, LLC ("RJF") to recover credit card debt, and default judgment was entered against Howard when he did not appear to defend the suit. (Doc. 27, Ex. 4). As a result of the judgment, Howard's wages were garnished until June

1  8, 2011. (Doc. 27, Exs. 10–12). On February 4, 2010, Howard filed a Motion for
2  Reconsideration in the Agua Fria Justice Court. Among other things, his motion claimed that
3  the court had no subject matter jurisdiction over the initial claim, asserted that the entire
4  lawsuit was fraudulent because he had never done any business with RJF, argued that RJF's
5  attorney could not represent RJF because he did not appear in court "with the corporate
6  charter and law in his hand," and sought relief under the Trading with the Enemy Act of
7  1917. (Doc. 27, Ex. 13). The motion was denied on April 4, 2010. (Doc. 27, Ex. 14).

8  On June 21, 2011, Howard filed suit against RJF in the District of Arizona. (Doc. 1).
9  In his complaint, he claims that Defendant violated the Fair Debt Collection Practices Act
10 ("FDCPA") by attempting to collect a debt that was not owed. 15 U.S.C. § 1692 *et seq.*
11 (2006). He further alleges that the initial lawsuit violated Ariz. Rev. Stat. ("A.R.S.") § 12-
12 543(2) (2003), which provides that suits based upon "stated or open accounts other than such
13 mutual and current accounts as concern the trade of merchandise between merchant and
14 merchant" are subject to a three-year statute of limitations. He claims that since the alleged
15 default took place on August 19, 2001, the 2006 suit to collect the debt was time-barred.

16 Defendant has filed a motion to dismiss and a motion for summary judgment, both of
17 which are fully briefed. Plaintiff has also filed a motion to strike the affidavit of Jennifer
18 Ache and two discovery motions.

### DISCUSSION

**1.    Legal Standard**

21 Summary judgment is appropriate if the evidence, viewed in the light most favorable
22 to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact
23 and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Substantive
24 law determines which facts are material and "[o]nly disputes over facts that might affect the
25 outcome of the suit under the governing law will properly preclude the entry of summary
26 judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A fact issue is
27 genuine 'if the evidence is such that a reasonable jury could return a verdict for the
28 nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)

1  (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine
2  factual issues "'can be resolved only by a finder of fact *because they may reasonably be*
3  *resolved in favor of either party.*'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan*
4  *Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250)
5  (emphasis in original).

6  **2.     Analysis**

7  　　　　Plaintiff has moved to strike the affidavit of Jennifer Ache, Defendant's custodian of
8  records, because, among other things, it contains statements about which she has no personal
9  knowledge. (Doc. 31). For the most part, Ms. Ache's affidavit serves to authenticate
10 documents submitted as exhibits to Defendant's Statement of Facts. (Doc. 27). Ms. Ache
11 asserts that the included documents are true and correct records of the initial suit filed against
12 Plaintiff, the judgment against him, the garnishment history, and other business records. As
13 the custodian of Defendant's records, Ms. Ache has "personal knowledge" that these records
14 were filed, which "would be admissible in evidence." FED. R. CIV. P. 56(c)(4). Occasionally,
15 Ms. Ache states what she believes the value of the attached documents to be, or makes
16 conclusory statements of law. For example, her affidavit includes the statements "RJF has
17 a complete chain of title to this debt and the Schedule that show RJF owns Leslie Howard's
18 debt to Fleet Bank" and "These two letters complied with the FDCPA." (Doc. 27, Ex. 2). The
19 Court will not strike her affidavit for its purpose of authenticating the other attachments, but
20 conclusory statements in the affidavit will not be considered in this order. The authenticated
21 documents will be evaluated independently of Ms. Ache's opinions regarding them.

22 　　　　There is no issue of material fact that Plaintiff is bringing this suit in order to reverse
23 or vacate the judgment of a state court. Indeed, Plaintiff does not dispute that a judgment has
24 been entered against him in state court, but argues instead that Defendant did not bring the
25 state action within the state statute of limitations, and that the underlying claim was meritless
26 and therefore constituted a FDCPA violation. (Doc. 1). Plaintiff had the opportunity to argue
27 these issues in state court, and either failed to do so or did not do so successfully. Under the
28 *Rooker-Feldman* doctrine, the federal district court is not the proper forum to seek reversal

of an adverse decision of the state trial court. "If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). As the Ninth Circuit has noted, "federal district courts have no authority to review the final determinations of a state court in judicial proceedings." *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (internal quotations omitted). Although the Supreme Court has clarified that the *Rooker-Feldman* doctrine occupies "narrow ground," it has also emphasized that the doctrine does apply to cases brought by those "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Co.*, 544 U.S. 280, 284 (2005).

There are a number of exceptions to the *Rooker-Feldman* doctrine. The Ninth Circuit has held, for example, that *Rooker-Feldman* is inapplicable "where the complaining party did not have a full and fair opportunity to litigate a claim in state court or where the state court demonstrated inability or unwillingness to protect federal rights." *Robinson v. Ariyoshi*, 753 F.2d 1468, 1472 (9th Cir. 1985) (subsequent history omitted).This exception, however, is applicable only when a state court "had explicitly refused to hear federal constitutional claims," not when it has considered and rejected those claims. *Partington v. Gedan*, 961 F.2d 852, 865 (9th Cir. 1992). If a state court was jurisdictionally barred from considering the federal claims, *Rooker-Feldman* likewise does not apply. *Mullins v. Oregon*, 57 F.3d 789, 792–93 (9th Cir. 1995) (holding that *Rooker-Feldman* does not bar a federal suit challenging, on constitutional grounds, the decision of a juvenile court that has no jurisdiction to consider the claims).

When a state court decision is made solely on procedural grounds, and the court does not consider the merits of the underlying claim, *Rooker-Feldman* does not bar federal litigation. *See Whiteford v. Reed*, 155 F.3d 671, 674 (1998) (*Rooker-Feldman* does not bar federal case when state appeal from administrative decision was denied because the appellant

- 4 -

1  "had violated Pennsylvania's rules of appellate procedure"). Finally, *Rooker-Feldman* does
2  not bar cases that "are based, in whole or in part, on alleged extrinsic fraud on the state
3  court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Extrinsic fraud is
4  defined as "conduct which prevents a party from presenting his claim in court." *Id.* (quoting
5  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). In *Kougasian*, the extrinsic fraud
6  alleged consisted of "submitting [a] false declaration to the state court . . . at the last minute
7  and refusing to supply the telephone number or address of the declarant, thereby preventing
8  [plaintiff] from deposing or otherwise questioning him." *Kougasian*, 359 F.3d at 1140.[1]

9  None of these exceptions to the *Rooker-Feldman* doctrine apply to the instant case.
10 Plaintiff had the opportunity to answer the complaint in state court but chose not to. He was
11 served at his home on June 4, 2006. (Doc. 27, Ex. 3). No default judgment was entered until
12 after he did not appear. (Doc. 27, Ex. 4). *Rooker-Feldman* does not require that a party
13 actually appear and answer the state court charge, but that he "have a full and fair
14 opportunity" to do so. *Robinson*, 753 F.2d at 1472. There is nothing in the record to suggest
15 that the state trial court "demonstrated inability or unwillingness to protect federal rights."
16 *Id.* The state court was competent to hear Plaintiff's arguments that the suit was time-barred
17 and that it violated FDCPA, but Plaintiff chose not to bring those arguments.

18 Significantly, a default judgment is a decision on the merits for the purposes of
19 *Rooker-Feldman. See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008)
20 (default judgment bars federal review even when parties argue it could have been based on
21 procedural grounds when "the parties did not present a procedural argument before the state
22 court"). *See also Williams v. Cavalry Portfolio Svcs., LLC*, 2010 WL 2889656 at *3 (C.D.
23 Cal. July 20, 2010) (dismissing a claim that a state court suit to recover credit card debt

---

[1] Authority cited by Plaintiff noting that federal courts in bankruptcy matters can oust state court proceedings is not relevant to this case. *See, e.g., Kalb v. Feuerstein*, 308 U.S. 433, 438–39 (1940) ("Congress, because of its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation . . . render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities.")

- 5 -

which had resulted in a default judgment had been brought in violation of FDCPA because "[a] default judgment is equivalent to an adjudication on the merits and absent extrinsic fraud, it is not grounds to preclude the application of the *Rooker-Feldman* doctrine").

Plaintiff has alleged that Defendant brought the state court suit after the applicable statute of limitations and that it did so without merit because he had never done business with Defendant. Even if true, these acts do not constitute extrinsic fraud adequate to set aside the *Rooker-Feldman* doctrine. Plaintiff makes no allegation that Defendant was prevented from presenting his claim in state court. Indeed, Plaintiff continued to pursue the case in the trial court after the default judgment. In addition to his February 2010 motion for reconsideration, he filed a "Response to Subpoena for Production, Inspection & Copying of Documents" on October 26, 2010, in which he challenged the validity of the original judgment. (Doc. 27, Ex. 15). He had a full and fair opportunity to litigate his claims at the state court level, and the *Rooker-Feldman* doctrine precludes the federal court from revisiting the state court's decision.

## CONCLUSION

Plaintiff claims that a state court default judgment entered against him in 2006 was meritless, constituted a violation of FDCPA, and was untimely under state law. Under the *Rooker-Feldman* doctrine, the federal district court may not consider issues that have been decided on the merits in state court. Summary judgment is therefore granted to Defendants.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Strike (Doc. 31) is **denied**.

2. Defendant's Motion for Summary Judgment (Doc. 27) is **granted**.

3. Defendant's Motion to Dismiss (Doc. 6) and Plaintiff's Motion for an Extension to Complete Discovery (Doc. 37) are **dismissed as moot**.

4. The Clerk of Court is directed to **terminate this lawsuit**.

DATED this 20th day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 6 -