**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Howard, ) | No. CV-11-1213-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| RJF Financial, LLC, ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff's Motion to Reconsider. (Doc. 42). For the reasons stated below, the motion is denied.

**BACKGROUND**

On October 12, 2006, the Agua Fria Justice Court in Maricopa County resolved a claim brought by Defendant RJF Financial ("RJF") against Plaintiff Leslie Howard in favor of RJF and entered a judgment of $12,487.98. (Doc. 27, Ex. 5, No. CC2006-069913). Howard filed a lawsuit in the District of Arizona on June 21, 2011, claiming among other things that RJF had violated the Fair Debt Collection Practices Act ("FDCPA") by bringing the original claim. (Doc. 1). The Court ruled that the suit was barred by the *Rooker-Feldman* doctrine, which holds that decisions by state courts are res judicata to challenges in the federal court. *See In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) ("[F]ederal district courts have no authority to review the final determinations of a state court in judicial

1 proceedings") (internal quotations omitted). Plaintiff now files a motion for reconsideration,
2 stating, among other things, that he "has not made any claim against the judgment. The
3 Plaintiff's claims were made against the Defendant's claim." (Doc. 42, emphasis omitted).

## DISCUSSION

### 1. Legal Standard

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### 2. Analysis

Plaintiff cites *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, (9th Cir. 2004) for the proposition that *Rooker-Feldman* does not apply when "wrongful acts of the defendants were responsible for the court's erroneous judgment." (Doc. 42 at 7). As the Court noted in its previous order, *Kougasian* acknowledges an exception to *Rooker-Feldman* when a Plaintiff alleges that a state court decision is based on "extrinsic fraud." *Kougasian*, 359 F.3d at 1140. The fraud in *Kougasian* involved a false declaration submitted to a state court, and upon which the state court relied. *Id.* Plaintiff here alleges no fraud at the state court level; indeed, as noted in the previous order, "Plaintiff continued to pursue the case in the trial court after the default judgment," bringing many of the same arguments he raises here, which the trial court rejected. (Doc. 40). Plaintiff alleges that the previous action was improper because it

was a violation of the FDCPA and because it was untimely under Arizona law because credit card accounts are "open accounts" under Arizona Revised Statutes ("A.R.S.") § 12-543(2). These arguments were available to him at the state court proceeding.

Plaintiff alleges that he is bringing the case against RJF for collecting the debt, not against the state court for ruling in RJF's favor, and that the action is therefore not a "forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The decision by the state court in RJF's favor resolved the issues in the claim in RJF's favor. Challenging those underlying issues is challenging the state court's decision. A federal suit brought by a state-court defendant containing allegations that were or could have been raised in the original state court suit is a de facto appeal, and precisely what *Rooker-Feldman* prohibits. *See Exxon-Mobil Corp. v. Saudi Basic Indus. Co.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* prohibits suits by those "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

*Rooker-Feldman* bars this suit. Plaintiff's Motion for Reconsideration asks the Court to "rethink what the court has already thought through." *Rezzonico*, 32 F. Supp. 2d at 1116. The motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 42) is **denied**. The lawsuit shall remain closed.

DATED this 6th day of February, 2012.

G. Murray Snow
United States District Judge